FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 20, 2020

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY F.,[1] | No. 1:20-cv-03019-MKD |
| Plaintiff, | |
| | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | ECF Nos. 14, 15 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 14, 15. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

is fully informed.  For the reasons discussed below, the Court grants Plaintiff's

motion, ECF No. 14, and denies Defendant's motion, ECF No. 15.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

limited; the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

(quotation and citation omitted).  Stated differently, substantial evidence equates to

"more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

citation omitted).  In determining whether the standard has been satisfied, a

reviewing court must consider the entire record as a whole rather than searching

for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

ORDER - 2

rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

ORDER - 3

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

work, analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that 1) the claimant is

capable of performing other work; and 2) such work "exists in significant numbers

in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

*Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On July 5, 2013, Plaintiff applied both for Title II disability insurance

benefits and Title XVI supplemental security income benefits alleging an amended

disability onset date of October 1, 2011.[2]  Tr. 108, 211-23.  The applications were

_____

[2] Plaintiff previously applied for benefits, which was denied initially and on

reconsideration; Plaintiff requested and appeared at a hearing but the claim resulted

ORDER - 6

denied initially and on reconsideration.  Tr. 141-47; Tr. 148-56.  Plaintiff appeared

before an administrative law judge (ALJ) on June 30, 2015.  Tr. 45-83.  On July

30, 2015, the ALJ denied Plaintiff's claim.  Tr. 18-40.  Plaintiff appealed the

denial, which resulted in a remand.  Tr. 748-68.  In the interim, Plaintiff filed a

subsequent Title XVI claim on June 28, 2017; the claims were consolidated.  Tr.

793-96.  A remand hearing was held on October 11, 2019.  Tr. 656-98.  On

October 31, 2019, the ALJ issued a partially favorable decision, finding Plaintiff

was not disabled prior to January 11, 2019, but became disabled on January 11,

2019.  Tr. 623-55.

  At step one of the sequential evaluation process, the ALJ found Plaintiff,

who met the insured status requirements through March 31, 2012, has not engaged

in substantial gainful activity since October 1, 2011.  Tr. 631.  At step two, the ALJ

found that Plaintiff has the following severe impairments: "spine; left shoulder; left

fourth digit partial amputation; cardiac conditions including leukocytosis,

hypertension, and coronary artery disease (CAD); respiratory condition; depressive

disorder, personality disorder, and substance use disorder."  *Id.*

---

in a September 23, 2011 order of dismissal after Plaintiff asked to withdraw his

request for hearing.  Tr. 84-87.

ORDER - 7

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 632. The ALJ then concluded that prior to January 1, 2019, Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff] could never climb ladders, ropes or scaffolds, work at unprotected heights or in proximity to hazards such as heavy machinery with dangerous moving parts. He could occasionally push and pull with the left upper extremity. He could never reach overhead with the left upper extremity. He could frequently reach, handle, finger and feel with the left upper extremity. He could occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. He could perform work in which concentrated exposure to extreme cold, heat, pulmonary irritants or vibrations is not present. He could understand, remember and carry out simple, routine tasks and follow short, simple instructions. He could perform work that requires little or no judgment, and could perform simple duties that can be learned on the job in a short period. He could cope with occasional work setting change and occasional, routine interaction with supervisors. He could work in proximity to coworkers, but not in a team or cooperative effort. He could perform work that does not require interaction with the general public as an essential element of the job, but occasional incidental contact with the general public is not precluded.

Tr. 634.

At step four, the ALJ found Plaintiff was unable to perform any of his past relevant work. Tr. 643. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform prior to January 11, 2019, such as mail room clerk, routing

ORDER - 8

clerk, and small parts assembler.  Tr. 644.  Therefore, the ALJ concluded Plaintiff

was not under a disability, as defined in the Social Security Act, from the alleged

onset date of October 11, 2011 through January 11, 2019, and Plaintiff became

disabled on January 11, 2019.  Tr. 645.  The ALJ found that beginning January 11,

2019, Plaintiff became more physically limited, and he became unable to perform

light work; his sedentary RFC directed a finding of disability.  Tr. 641-42.

Per 20 C.F.R. §§ 404.984 and 416.1484, the ALJ's decision following this

Court's prior remand became the Commissioner's final decision for purposes of

judicial review.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

him disability insurance benefits under Title II and supplemental security income

benefits under Title XVI of the Social Security Act.  Plaintiff raises the following

issues for review:

1.  Whether the ALJ properly evaluated the medical opinion evidence; and

2.  Whether the ALJ properly evaluated Plaintiff's symptom claims.

ECF No. 14 at 2.

ORDER - 9

# DISCUSSION

## A. Medical Opinion Evidence

Plaintiff contends the ALJ erred in her consideration of the opinions of David Lindgren, M.D., Venugopal Bellum, M.D., Sandra Elsner, LICSW, and Emma Billings, Ph.D.  ECF No. 14 at 12-17.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's.  *Id.* at 1202.  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists."  *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence."  *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a

treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

   *1. Dr. Bellum and Dr. Lindgren*

   Dr. Bellum and Dr. Lindgren are treating providers who each completed multiple questionnaires related to Plaintiff's functioning. Tr. 306-07, 402-04, 521-23, 526-28, 539-41, 1069-71, 1088-1108. In 2010, Dr. Bellum diagnosed Plaintiff with chronic pain and coronary artery disease. Tr. 306. He opined Plaintiff cannot participate in work or work preparation/search activities; he cannot stand or sit for prolonged periods; and he can lift/carry up to five pounds occasionally and 10 pounds maximum. Tr. 306-07. In 2011, Dr. Bellum diagnosed Plaintiff with chronic pain, drug abuse (marijuana), and coronary artery disease. Tr. 526. Dr. Bellum opined Plaintiff could only engage in 21 to 30 hours of work or work

preparation/search activities per week, at a light/medium exertion level.  Tr. 526-27.

In 2014 and 2015, Dr. Lindgren diagnosed Plaintiff with coronary artery disease, daily headaches, and chronic back, shoulder, and neck pain.  Tr. 402, 520. He opined Plaintiff needs to lie down up to one hour per day due to his back pain; continuous work would cause his condition to deteriorate; he would miss four or more days of work per month if he were to work full-time; he is severely limited in his exertional abilities as he is unable to lift at least two pounds or unable to stand/walk; and he can occasionally handle and reach with this left upper extremity.  Tr. 403, 522.  In 2015, he also opined on a separate form that Plaintiff cannot sit or stand for long periods, he experiences exertional dyspnea, he has a decreased ability to lift, and he cannot engage in work or work preparation/search activities.  Tr. 539.  In 2016, 2017, 2018, and 2019, Dr. Lindgren diagnosed Plaintiff with coronary artery disease, chronic back, shoulder and neck pain, and headaches.  Tr. 1069, 1088, 1091, 1106.  He again opined Plaintiff has severely limiting exertional limitations and he is unable to participate in work preparation activities.  Tr. 1069-70, 1088-89, 1091-92, 1106-07.  The ALJ gave Dr. Bellum and Dr. Lindgren's opinions no weight.  Tr. 640.  As Dr. Bellum and Dr. Lindgren's opinions are contradicted by the opinion of Dr. Drenguis, Tr. 1059-64,

1  the ALJ was required to give specific and legitimate reasons, supported by

2  substantial evidence, to reject the opinions.  *See Bayliss*, 427 F.3d at 1216.

3        While the ALJ specifically addressed Dr. Bellum's 2011 opinion, the ALJ

4  otherwise found the remainder of Dr. Bellum's opinions and all of Dr. Lindgren's

5  opinions addressed a legal conclusion that is reserved to the Commissioner.  Tr.

6  640.  A statement by a medical source that a claimant is "unable to work" is not a

7  medical opinion and is not due "any special significance."  20 C.F.R. §§

8  404.1527(d), 416.927(d).  Nevertheless, the ALJ is required to consider medical

9  source opinions about any issue, including issues reserved to the Commissioner, by

10  evaluating the opinion in light of the evidence in the record and applying the

11  applicable factors.  SSR 96-5p at *2-3.

12        As this Court previously found, an opinion regarding the Plaintiff's ability to

13  engage in work activities is a functional opinion that must be addressed by the

14  ALJ.  Tr. 758.  As such, the ALJ erred in rejecting Dr. Lindgren and Dr. Bellum's

15  opinions because they address an issue reserved to the Commissioner.  Further, the

16  ALJ was previously instructed to address each of Dr. Lindgren and Dr. Bellum's

17  opinions, Tr. 761-62, and the ALJ harmfully erred in failing to address several

18  disabling components of the opinions.

19        Defendant argues the ALJ properly rejected Dr. Lindgren and Dr. Bellum's

20  opinion as she gave more weight to the opinions of Dr. LaVallie, Dr. Staley, Dr.

1  Horn and Dr. Eisenhauer.  ECF No. 15 at 8-9.  However, the ALJ compared Dr.

2  Lindgren and Dr. Bellum's opinion to Dr. Drenguis' examination, Tr. 640,

3  although the examination contained multiple abnormalities, ECF No. 17 at 5

4  (citing Tr. 1061-63).  While the ALJ found Dr. LaVallie and Dr. Staley's opinions

5  were due more weight than Dr. Gordon Hale's opinion because they had access to

6  more evidence, there is no analysis as to why the opinions were given more weight

7  than Dr. Lindgren and Dr. Bellum's opinions, Tr. 639.  Dr. Hale was a reviewing

8  State agency doctor, who provided an opinion on Plaintiff's functioning when

9  Plaintiff first applied for benefits in 2013, Tr. 115-18, while Dr. Horn, Dr.

10 Eisenhauer, Dr. Staley and Dr. LaVallie provided opinions on the subsequent

11 application in 2018.  Tr. 740-45, 785-90.  The ALJ's explanation as to why more

12 weight was afforded to reviewing opinions rendered with five additional years of

13 medical records available than the prior decision does not provide an explanation

14 as to why reviewing opinions were afforded more weight than treating opinions.

15 As such, the Court will not consider Defendant's *post hoc* rationalization regarding

16 the weighing of the opinions.  *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)

17 (The Court will "review only the reasons provided by the ALJ in the disability

18 determination and may not affirm the ALJ on a ground upon which he did not

19 rely.").

20

ORDER - 14

1    Defendant further argues the ALJ properly complied with the prior Order,

2  and gave specific and legitimate reasons to reject the opinions, but the Court does

3  not find this argument persuasive for the reasons discussed herein.  ECF No. 15 at

4  9-15.  The previous Order found the ALJ erred in not addressing Dr. Lindgren's

5  second March 10, 2015 opinion, Tr. 761-62, and though the ALJ now included a

6  citation to the opinion, the ALJ again did not provide any analysis of the opinion,

7  nor did the ALJ specifically address Dr. Lindgren's three other opinions, despite

8  being directed to do so, Tr. 640.  As the ALJ erred in her analysis of the rest of the

9  Dr. Lindgren and Dr. Bellum's opinions, the ALJ is instructed to also reconsider

10  Dr. Bellum's 2011 opinion.

11    On remand, the ALJ is instructed to individually address each of Dr.

12  Lindgren and Dr. Bellum's opinions in their entirety, and incorporate the

13  limitations into the RFC, or give specific and legitimate reasons, supported by

14  substantial evidence, to reject the opinions.

15    *2.  Ms. Elsner*

16    On May 11, 2012, Ms. Elsner, a treating counselor, provided an opinion on

17  Plaintiff's functioning.  Tr. 531-34.  Ms. Elsner stated Plaintiff has major

18  depressive disorder, single episode, severe with psychosis.  Tr. 531.  Ms. Elsner

19  opined Plaintiff is unable to participate in work/work preparation activities.  *Id.*  As

20  the case is being remanded to reconsider Dr. Lindgren and Dr. Bellum's opinions,

the ALJ is also instructed to reconsider Ms. Elsner's opinion and incorporate the limitations into the RFC or give germane reasons to reject the opinion.  For the purposes of the remand, the Court notes that it has already rejected the reasoning that Ms. Elsner's opinion was not a medical opinion.  Tr. 758-59.

### 3. Dr. Billings

On November 8, 2017, Dr. Billings performed a psychological consultative examination and provided an opinion on Plaintiff's functioning.  Tr. 1050-57.  Dr. Billings diagnosed Plaintiff with major depressive disorder, single episode, moderate, mild obsessive-compulsive disorder, paranoid personality disorder, and probable caffeine sleep disorder with severe use.  Tr. 1056.  Dr. Billings found Plaintiff to be highly irritable, generally antagonistic, and suspicious of people/organizations, and opined that if Plaintiff behaved in the same manner at an employment interview, it is unlikely he would be judged as acceptable for employment, and he may have relationship problems among coworkers.  Tr. 1057. The ALJ gave Dr. Billings' opinion less weight.  Tr. 640-41.

As the case is being remanded to reconsider Dr. Bellum and Dr. Lindgren's opinions, the ALJ is also instructed to reconsider Dr. Billings' opinion and to incorporate the limitations into the RFC or give specific and legitimate reasons, supported by substantial evidence, to reject the opinion.  The ALJ is further instructed to call both a medical expert and a psychological expert at the hearing to

ORDER - 16

1   assist with determining Plaintiff's severe impairments, whether he met or equaled a

2   listing, and the limitations caused by his impairments during the relevant

3   adjudicative period.

4   **B. Plaintiff's Symptom Claims**

5          Plaintiff faults the ALJ for failing to rely on reasons that were clear and

6   convincing in discrediting his symptom claims. ECF No. 14 at 17-21. An ALJ

7   engages in a two-step analysis to determine whether to discount a claimant's

8   testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2.

9   "First, the ALJ must determine whether there is objective medical evidence of an

10  underlying impairment which could reasonably be expected to produce the pain or

11  other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted).

12  "The claimant is not required to show that [the claimant's] impairment could

13  reasonably be expected to cause the severity of the symptom [the claimant] has

14  alleged; [the claimant] need only show that it could reasonably have caused some

15  degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

16         Second, "[i]f the claimant meets the first test and there is no evidence of

17  malingering, the ALJ can only reject the claimant's testimony about the severity of

18  the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

19  rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

20  omitted). General findings are insufficient; rather, the ALJ must identify what

symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester*, 81 F.3d at 834; *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)).  "The clear and convincing [evidence] standard is the most demanding required in Social Security cases."  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§ 404.1529(c), 416.929(c).  The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence.  Tr.  635-36.

The ALJ's evaluation of Plaintiff's symptom claims and the resulting limitations largely relies on the ALJ's assessment of the medical evidence.  Having determined a remand is necessary to readdress the medical source opinions, any reevaluation must necessarily entail a reassessment of Plaintiff's subjective symptom claims.  Thus, the Court need not reach this issue and on remand the ALJ must also carefully reevaluate Plaintiff's symptom claims in the context of the entire record.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

**C. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 2 at 15, 21.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must

ORDER - 19

remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison*, 759 F.3d at 1020 (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a

ORDER - 20

whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

The Court finds further proceedings are necessary to resolve conflicts in the medical opinion evidence and to take expert testimony. As such, the case is remanded for further proceedings consistent with this Order.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED August 20, 2020.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 21