FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 24, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY F.,[1]<br><br>            Plaintiff,<br><br>   vs.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>            Defendant. | No. 1:20-cv-03019-MKD<br><br>**ORDER DENYING MOTION FOR SUBSTITUTION OF PARTY WITH LEAVE TO RENEW**<br><br>**ECF No. 20** |

      BEFORE THE COURT is Plaintiff's Motion for Substitution of Party. ECF No. 20. Attorney James Tree represents Plaintiff; Special United States Assistant Attorney Joseph Langkamer represents Defendant. The Court has reviewed the briefing and the record herein, and is fully informed. For the reasons discussed below, the motion is denied with leave to renew.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names.

ORDER - 1

On February 12, 2020, Plaintiff filed an appeal of an administrative law judge's denial of his application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 1.  On August 20, 2020, the Court granted Plaintiff's Motion for Summary Judgment and remanded the matter pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 18.  On September 9, 2020, Plaintiff's counsel filed a Motion for Substitution of Party, noting Plaintiff's death.  ECF No. 20.  According to the certificate of death, ECF No. 20-1, Plaintiff died on May 27, 2020.  The declaration of Megan Derosier states she is the daughter of the deceased Plaintiff.  ECF No. 21.  Ms. Derosier seeks substitution as plaintiff with Mr. Tree as her counsel.

Federal Rule of Civil Procedure 25 outlines the procedure required for substitution of a party upon a party's death where the claim is not extinguished:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  In addition to these substantive requirements, the "motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4."  Fed. R. Civ. P. 25(a)(3).

ORDER - 2

Here, although there is no dispute Plaintiff's death does not extinguish his Title II claim and the motion is timely, Plaintiff's motion does not address whether Ms. Derosier is a proper party or evidence service in the manner required by Rule 25(a)(3). A "proper party" under Rule 25(a)(1) is a successor in interest or legal representative of the decedent, such as the executor of the decedent's will or the administrator of his estate. *See Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996) (applying Rule 25(a)(1) to the legal representatives of the deceased estate); *Mallonee v. Fahey*, 200 F.2d 918, 919-20 (9th Cir. 1953) ("Rule 25(a)(1) applies only to the substitution of legal representatives."). Here, Plaintiff states her familial relationship but not her legal relationship to the decedent.

As the Court lacks evidence the requirements of Rule 25 were met, Plaintiff's Motion for Substitution of Party, **ECF No. 20**, is **DENIED with leave to renew**.

The District Court Executive is directed to file this Order and furnish copies to counsel.

DATED this September 24, 2020.

s/*Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 3