FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 19, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY F.,[1]<br><br>            Plaintiff,<br><br>    vs.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>            Defendant. | No. 1:20-cv-03019-MKD<br><br>**ORDER DENYING "SECOND MOTION TO SUBSTITUTE PARTY"**<br><br>ECF No. 24 |

BEFORE THE COURT is the filing dated October 12, 2020 captioned on the docket as Plaintiff's "Second Motion to Substitute Party." ECF No. 24. Attorney James Tree represents Plaintiff; Special United States Assistant Attorney Joseph Langkamer represents Defendant. The parties have consented to proceed before a magistrate judge. ECF No. 6. The Court expedites consideration of this matter without awaiting a reply from Plaintiff due to the inadequacy of the motion

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names.

ORDER - 1

under Fed. R. Civ. P. 25 and LCivR 7.  For the reasons discussed below, the motion is denied.

## BACKGROUND

On February 12, 2020, Plaintiff filed an appeal of an administrative law judge's denial of his application for disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. ECF No. 1.  On August 20, 2020, the Court granted Plaintiff's Motion for Summary Judgment and remanded the matter pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 18.

On September 9, 2020, Plaintiff's counsel filed a motion for substitution of Megan Derosier as Plaintiff, advising that Plaintiff had died on May 27, 2020 and Ms. Derosier was Plaintiff's daughter.  ECF No. 20.  On September 24, 2020, the Court denied Ms. Derosier's motion with leave to renew.  ECF No. 23.  The Court found it lacked evidence to find the requirements of Federal Rule of Civil Procedure 25 were met.  ECF No. 23 at 3.

On October 12, 2020, Plaintiff's counsel filed documents docketed as Plaintiff's "Second Motion to Substitute Party."  ECF No. 24.  The filing consists of (1) two Social Security Administration form notices (Form HA-539[2])

---

[2] Form HA-539 is used at the administrative hearing level.  *See* https://www.ssa.gov/forms/ha-539.html.

ORDER - 2

signed by Amber Martinez, one dated September 30, 2020; (2) the Declaration of Amber Martinez requesting her substitution as plaintiff as the guardian of the decedent's minor child; and (3) Plaintiff's death certificate. ECF No. 24. Though docketed as a motion, no motion was filed. On October 14, 2020, Defendant filed a response. ECF No. 25. Defendant has no objection to Ms. Martinez's substitution for purposes of Plaintiff's Title II claim, however, notes that her substitution "may not be appropriate for purposes of Plaintiff's Title XVI claim." ECF No. 25 at 2 (citing 42 U.S.C. § 416.542(b)(1) regarding payment to the deceased recipient's surviving eligible spouse).

## LEGAL STANDARD

Federal Rule of Civil Procedure 25 outlines the procedure required for substitution of a party upon a party's death where the claim is not extinguished:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). In addition to these substantive requirements, the "motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3).

ORDER - 3

## DISCUSSION

The filing which was docketed as Second Motion to Substitute Party does not comply with Local Civil Rule 7(b) which provides "[t]he moving party shall file and serve a motion and any supporting materials. The motion serves as the memorandum and shall set forth supporting factual assertions and legal authority." *See* LCivR 7(b). The Second Motion to Substitute does not include an accompanying motion and memorandum, and therefore does not address the substantive and procedural requirements of Federal Rule of Civil Procedure 25(a). The documents filed are supporting materials which lack necessary explanation.

For example, the Court must determine whether Ms. Martinez is "the property party." If a claimant dies before he receives a Title II underpayment[3], § 204(d) of the Social Security Act governs the disbursement of any disability benefit payments due at the time of the claimant's death. This provision describes the descending level of priority of seven classes of persons who may receive any outstanding benefits. *See* 20 C.F.R. § 404.503(b)(1)–(7). Surviving children are

---

[3] The term "underpayment" includes "nonpayment where some amount of such benefits was payable. An underpayment may be in the form of an accrued unpaid benefit amount for which no check has been drawn or in the form of an unnegotiated check payable to a deceased individual." 20 C.F.R. § 404.501(a).

ORDER - 4

second and fifth in order of priority after an eligible surviving spouse.[4]  *See* 20 C.F.R. § 404.503(b)(1), (2), (5).  "A member of any of the enumerated classes has standing to pursue the deceased beneficiary's benefits."  *See Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 247 (6th Cir. 1995).  On the other hand, only spouses and parents are eligible to receive underpayments for SSI.  20 C.F.R. § 416.542(b)(4) ("No benefits may be paid to the estate of any underpaid recipient, the estate of the surviving spouse, the estate of a parent, or to any survivor other than" a surviving eligible spouse or surviving parents).  Therefore, it appears Ms. Martinez may be a proper party in this matter regarding the DIB claim, but not the SSI claim.  As there is no accompanying memorandum, the "Second Motion to Substitute" does not address this issue.

Furthermore, without more information, the Court is unable to confirm whether the Second Motion to Substitute meets the procedural requirements of Rule 25 requiring "[a] motion to substitute, together with a notice of hearing, must be served . . . on nonparties as provided in Rule 4.  A statement noting death must be served in the same manner."  Fed. R. Civ. P. 25(a)(3).  Although the rule governing substitution does not say which nonparties must be served, case law

---

[4] The declaration of Ms. Martinez indicates Plaintiff "did not have a spouse at the time of his death," however, the death certificate names a surviving spouse and lists marital status as "separated."  ECF Nos. 24-2, 24-3.

ORDER - 5

suggests those with a potential financial interest, namely the decedent's successors or personal representatives should be served. *See, e.g., Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) ("non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons."); *Atkins v. City of Chicago*, 547 F.3d 869, 874 (7th Cir. 2008) (holding that motion to substitute filed without serving the personal representative of the deceased's estate was "a nullity").

The record suggests Plaintiff has multiple successors, including a spouse, four children, and parents, and it is unknown whether these nonparties also may have an interest in this case and therefore should be served in accordance with Rule 25. Any future motion to substitute must address the service requirement.

ACCORDINGLY, IT IS HEREBY ORDERED:

The Second Motion to Substitute Party, **ECF No. 24**, is **DENIED**. **Any future motion to substitute shall include a motion and memorandum addressing the requirements of Federal Rule of Civil Procedure 25.**

The District Court Executive is directed to file this Order and furnish copies to counsel.

DATED this October 19, 2020.

s/*Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 6