FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 05, 2020

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY F.,[1]<br><br>         Plaintiff,<br><br>  vs.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>         Defendant. | No. 1:20-cv-03019-MKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART THIRD MOTION FOR SUBSTITUTION OF PARTY**<br><br>**ECF No. 27** |

BEFORE THE COURT is Plaintiff's Third Motion for Substitution of a Party under Federal Rule of Civil Procedure 25(a). ECF No. 27. Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Joseph Langkamer represents Defendant. The parties have consented to proceed before a magistrate judge. ECF No. 6. The Court has reviewed the briefing and the record

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

herein, and is fully informed.  For the reasons discussed below, the motion is granted in part and denied in part.

BACKGROUND

On February 12, 2020, Plaintiff filed an appeal of an administrative law judge's denial of his application for disability insurance benefits (DIB) under Title II and supplemental security income (SSI) benefits under Title XVI of the Social Security Act.  ECF No. 1.  On August 20, 2020, the Court granted Plaintiff's Motion for Summary Judgment and remanded the matter pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 18.

On September 9, 2020, Plaintiff's counsel filed a motion for substitution of Megan Derosier as Plaintiff, advising that Plaintiff had died on May 27, 2020 and Ms. Derosier is the daughter of the deceased Plaintiff.  ECF No. 20.  On September 24, 2020, the Court denied Ms. Derosier's motion with leave to renew.  ECF No. 23.  The Court found it lacked evidence to find the requirements of Federal Rule of Civil Procedure 25 were met.  ECF No. 23 at 3.

On October 12, 2020, Plaintiff's counsel filed documents docketed as Plaintiff's "Second Motion to Substitute Party" requesting substitution of Amber Martinez on behalf of her minor daughter (identified herein as "I.F.") as Plaintiff. ECF No. 24.  Defendant's Response indicated that it had no objection to Ms. Martinez's substitution for purposes of Plaintiff's DIB claim, but noted that her

ORDER - 2

substitution "may not be appropriate for purposes of Plaintiff's Title XVI claim." ECF No. 25 at 2 (citing 42 U.S.C. § 416.542(b)(1) regarding payment to the deceased recipient's surviving eligible spouse). On October 19, 2020, the Court denied the Second Motion to Substitute noting it lacked necessary explanation. ECF No. 26.

On November 2, 2020, Plaintiff's counsel filed a Third Motion to Substitute Party with supporting declarations of Megan Derosier and Karina Serrano. ECF Nos. 27-29. The motion seeks substitution of Amber Martinez on behalf of I.F. as Plaintiff. ECF No. 27 at 1. The Derosier declaration states Plaintiff died without a will and is survived by his mother, three adult children, and one minor child, I.F. ECF No. 28 at 2. Though married at the time of his death, Plaintiff's wife had not lived with him for many years. *Id*.

## LEGAL STANDARD

Federal Rule of Civil Procedure 25 outlines the procedure required for substitution of a party upon a party's death where the claim is not extinguished:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). In addition to these substantive requirements, the "motion to substitute, together with a notice of hearing, must be served on the parties as

ORDER - 3

provided in Rule 5 and on nonparties as provided in Rule 4." Fed. R. Civ. P. 25(a)(3).

## DISCUSSION

Rule 25(a)'s requirements have been satisfied as to Plaintiff's DIB claim.

### 1. Timely

First, the motion to substitute is timely as there is no evidence the 90-day period set forth in Rule 25(a) has been triggered with service of the notice of death on nonparty successors. *See* ECF No. 27 at 6 (noting service of the notice of death through the electronic filing system only); *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (requiring personal service of the suggestion of death on nonparty successors); *see also Gilmore v. Lockard*, 936 F.3d 857, 865-67 (9th Cir. 2019) ("where a party files a suggestion of death, it must do so in a manner that puts all interest parties and nonparties on notice of their claims in order to trigger the 90-day window.").

### 2. Claims not extinguished

Second, substitution is limited to claims that are not extinguished by death of a party. It is undisputed that Plaintiff's DIB claim was not extinguished by the death of Plaintiff. *See* ECF No. 27 at 5-6 (discussing the DIB underpayment would survive death); ECF No. 25 at 2 (Defendant's statement that it has no objection to Ms. Martinez's substitution for purposes of the DIB claim). The

ORDER - 4

regulations also provide that certain survivors may be entitled to posthumous underpayments of Title XVI or SSI benefits.  *See* 42 U.S.C, § 1383(b)(1)(A); 20 C.F.R. § 416.542(b).  No party has taken the position that Plaintiff's SSI claim is extinguished.  *See* ECF Nos. 25, 27.  Here, because the Social Security Act expressly provides for benefits to be paid to survivors in the event he dies before collecting underpayments, Plaintiff's claims were not necessarily extinguished upon his death.

### 3.  Motion made by successor

Third, the motion to substitute has been properly made by one of the decedent's successors.  The record establishes that Plaintiff died intestate and Amber Martinez is the legal guardian for Plaintiff's only surviving minor child, I.F.  I.F. is a successor of the deceased party and is, or will be[2], a distributee of her father's estate pursuant to Washington state law of intestacy.  *See* ECF No. 27 at 4 (discussing RCW § 11.04.015).

### 4.  Proper party

Fourth, the motion demonstrates that I.F. is a "proper party" as to Plaintiff's DIB claim.  If a claimant dies before he receives a DIB underpayment, certain other individuals may receive the underpayment pursuant to an order of priority.

---

[2] It is unclear whether Plaintiff's estate has been distributed.

ORDER - 5

*See* 20 C.F.R. § 404.503(b).  As a child of the deceased, I.F. is a member of one of the enumerated classes eligible for a deceased claimant's benefits.  *See* 20 C.F.R. § 404.503(b)(2), (5).  As such, I.F. is a "proper party" to substitute as to Plaintiff's DIB claim.  *Blanton ex rel. Blanton v. Astrue*, No. 1:10–cv–2463, 2011 WL 2637224, at *2 (N.D. Ohio June 20, 2011) ("A member of any of the enumerated classes eligible for a deceased claimant's benefits has standing to pursue the deceased claimant's benefits.") (citing *Youghioheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 247 (6th Cir.1995)).

The motion does not address whether I.F. is a proper party as to Plaintiff's SSI claim.  This issue was raised previously by the Court and Defendant.  ECF No. 26 at 5 (noting the second motion to substitute did not address the issue of whether substitution was proper as to the SSI claim); ECF No. 25 at 2 (noting "it appears that Ms. Martinez's substitution may not be appropriate for purposes of Plaintiff's Title XVI claim.").  Given the SSI claim was not addressed by the motion, and I.F. does not claim eligibility for posthumous underpayments of SSI benefits, the Court make no findings regarding substitution as to the SSI claim.  *See* 42 U.S.C, § 1383(b)(1)(A); 20 C.F.R. § 416.542(b) (noting payments may only be made to eligible surviving spouse and not to the estate of any underpaid recipient).

ORDER - 6

### 5.  Service

Finally, like the statement noting death, Rule 25(a)(3) requires personal

service of any motion for substitution on nonparties as provided in Rule 4.  *See*

Fed. R. Civ. P. 25(a)(3).  The term "nonparties" is not defined by rule.  However,

the objective of the rule is to protect those who have an interest in the litigation and

alert "all interested persons of the death so that they may take appropriate action."

*Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) ("[p]ersonal service of the

suggestion of death alerts the nonparty to the consequences of death to a pending

suit, signaling the need for action to preserve the claim if so desired.' "); *see also*

*Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008) ("[N]onparties with a

significant financial interest in the case, namely the decedent's successors (if his

estate has been distributed) or personal representative (it has not been), should

certainly be served.").

Here, I.F. contends no other nonparty needs served because 1) she is the

only person with a financial interest "in this case"; and 2) the social security

regulations proscribe the manner of payment distribution, regardless of who is

substituted as Plaintiff herein.  ECF No. 27 at 7-8.  Again, as I.F.'s motion

discusses only the DIB claim and I.F. does not claim eligibility for posthumous

underpayments of SSI, the scope of the motion to substitute is not as to the case as

a whole and must be limited to Plaintiff's DIB claim.

ORDER - 7

The DIB regulations determine the order of and distribution of underpayment of benefits when the individual to whom payment is due dies before receiving payment.  *See* 20 C.F.R. § 404.503(b).  Any remaining underpayment is distributed "to the living person (or persons) in the highest order of priority" according to the enumerated categories of survivors set forth in the regulation.  20 C.F.R. § 404.503.  The Court is not tasked herein with determining whether there are qualified survivors or their priority.  Rather, the Social Security Administration's field office has an obligation "to contact any eligible party, substitute party, or qualified survivor to obtain the necessary information regarding pursuing the claim."  *See* Soc. Sec. Admin. Hrgs., Appeals, & Litig. Law Man. ("HALLEX"), HALLEX § I-2-1-50, *available at* *https://www.ssa.gov/OP_Home/hallex/I-02/I-2-1-50.html* (addressing how the death of claimant is handled by the Social Security Administration).  Accordingly, the Court makes no finding as to I.F.'s potential entitlement to any DIB underpayment.  However, the Court is satisfied that given the regulations and associated policies governing social security claims, personal service of this motion to substitute upon additional nonparty survivors is unnecessary due to the fact the DIB claim has been remanded to the Social Security Administration and the agency is obligated to notify eligible survivors and assess entitlement to any DIB underpayment.

ORDER - 8

**CONCLUSION**

1.  The Third Motion for Substitution of Party pursuant to Federal Rule of Civil Procedure 25(a), **ECF No. 27**, is **GRANTED IN PART**, and **DENIED IN PART**.  Substitution is permitted as to the DIB claim only.

2.  Amber Martinez on behalf of I.F., a minor child, is substituted as Plaintiff as a successor in interest for Timothy Fields, deceased, **as to the DIB claim only**; and

3.  The District Court Executive is directed to amend the docket to *add* Amber Martinez on behalf of her minor child, I.F., as a party-plaintiff (substituting only as to the DIB claim) and to reflect attorney D. James Tree as counsel of record for Ms. Martinez.  The current named Plaintiff will continue as the named Plaintiff with respect to the SSI claim; and

4.  All future Court filings shall reflect the amended case caption, adding Ms. Martinez on behalf of I.F. as an additional party-plaintiff.

The District Court Executive is directed to file this Order, amend the docket as set forth above, and furnish copies of this Order to counsel.

DATED this November 5, 2020.

s/*Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 9